UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| SHAREBUILDER SECURITIES CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> NYSE ARCA EQUITIES, INC., a Delaware corporation <br><br> Defendant. | NO. 09-000703-TSZ <br><br> MOTION AND MEMORANDUM OF LAW OF DEFENDANT NYSE ARCA EQUITIES, INC. IN SUPPORT OF DISMISSAL OF AMENDED COMPLAINT <br><br> NOTE ON MOTION CALENDAR: APRIL 23, 2010 <br><br> **ORAL ARGUMENT REQUESTED** |

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT

124765.0001/1830130.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ...................................................................... 1

STATEMENT OF FACTS ............................................................................. 1

ARGUMENT .................................................................................................. 5

    I.      STANDARD OF REVIEW ................................................................. 5

    II.    THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6). ............................................................................ 6

        A.    Sharebuilder's Claims Are Barred By SRO Immunity ........................ 6

        B.    Sharebuilder's Claims Are Preempted By The '34 Act ...................... 10

        C.    Sharebuilder Cannot Plead Negligence-Based Claims Against NYSE Arca ................................................................ 12

        D.    Sharebuilder's Claims Do Not Satisfy Iqbal ....................... 12

    III.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(1) ................................................................. 13

        A.    The Court Lacks Subject Matter Jurisdiction Over ShareBuilder's Claims ................................................... 13

        B.    ShareBuilder Lacks Standing To Pursue Claims Against NYSE Arca ................................................................ 15

    IV.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ........... 15

CONCLUSION .............................................................................................. 17

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - i

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alhadeff v. Meridian on Bainbridge Island, LLC,*
    220 P.3d 1214 (Wash. 2009) *(en banc)* ............................................................. 12

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ....................................................................... 6, 12, 13

*Ayon v. Lincare Inc.,*
    No. C05-0808C (JCC), 2006 WL 2372294 (W.D. Wash. Aug. 14, 2006) ...................... 12

*Barbara v. New York Stock Exchange.,*
    99 F.3d 49 (2d Cir. 1996)............................................................................ 6, 9

*Biltmore Assocs., LLC v. Twin City Fire Ins. Co.,*
    572 F.3d 663 (9th Cir. 2009)............................................................................ 6

*Bruan, Gordon & Co. v. Hellmers,*
    502 F. Supp. 897 (S.D.N.Y. 1980)................................................................... 14

*Cal. Pub. Employees' Ret. Sys. v. NYSE, Inc.*
    *(In re NYSE Specialists Sec. Litig.*), 503 F.3d 89 (2d Cir. 2007), *cert. denied* 552
    U.S. 1291 (2008) .................................................................................... 6, 8

*Capece v. Depository Trust & Clearing Corp.,*
    Nos. 05-80498 CIV & 05-80498 CIV (KLR), 2005 WL 4050118 (S.D. Fla. Oct.
    11, 2005) ............................................................................................ 10

*Carson Harbor Vill., Ltd. v. City of Carson,*
    353 F.3d 824 (9th Cir. 2004)........................................................................... 6

*Cousins v. Lockyer,*
    568 F.3d 1063 (9th Cir. 2009)......................................................................... 6

*Credit Suisse First Boston Corp. v. Grunwald,*
    400 F.3d 1119 (9th Cir. 2005)................................................................. 3, 10, 11

*D'Alessio v. NYSE Inc.,*
    258 F.3d 93 (2d Cir. 2001)....................................................................... 2, 6, 9

*Dexter v. Depository Trust & Clearing Corp.,*
    406 F. Supp. 2d 260 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007) ................... 6

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - ii

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124765.0001/1830130.1

*DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*,
    409 F.3d 93 (2d Cir. 2005)..................................................................6, 8, 9

*Gurfein v. Ameritrade, Inc.*,
    411 F. Supp. 2d 416 (S.D.N.Y. 2006)............................................................9

*In re Series 7 Brokerage Qualification Exam Scoring Litig.*,
    548 F.3d 110 (D.C. Cir. 2008)...........................................................11, 14

*Love v. Motion Indust., Inc.*,
    309 F. Supp. 2d 1128 (N.D. Cal. 2004) .......................................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...............................................................................15

*McKart v. United States*,
    395 U.S. 185 (1969)...............................................................................14

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008)....................................................................2

*MFS Sec. Corp. v. NYSE*,
    No. 00 Civ. 5600 (JSR), 2005 WL 539967 (S.D.N.Y. Feb. 22, 2005), *aff'd*, 142 F.
    App'x 541 ..............................................................................................15

*P'ship Exch. Sec. Co. v. NASD*,
    169 F.3d 606 (9th Cir. 1999)..........................................................6, 7, 10

*Silvas v. E*Trade Mortg. Corp.*,
    514 F.3d 1001 (9th Cir. 2008)....................................................................5

*Sommatino v. United States*,
    255 F.3d 704 (9th Cir. 2001)......................................................................6

*Sparta Surgical Corp. v. NASD*,
    159 F.3d 1209 (9th Cir. 1998)..........................................................passim

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)......................................................................6

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989)......................................................................6

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*,
    No. 07 Civ. 2014 & No. 08 Civ. 11193 (JSR), 2010 WL 749844 (S.D.N.Y. Mar. 1,
    2010), *app. filed*, No.10-945-cv (2d Cir. 2010) ...........................................6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Wolfe v. Strankman,*
    392 F.3d 358 (9th Cir. 2004)................................................................ 6

## STATUTES

15 U.S.C. § 78c(a)(26) ........................................................................... 2

15 U.S.C. § 78f(b) ................................................................................. 2

15 U.S.C. § 78o-3(b) ............................................................................. 2

15 U.S.C. § 78s ................................................................................... 14

15 U.S.C. § 78s(b), ............................................................................... 2

15 U.S.C. § 78s(d) ........................................................................... 2, 14

15 U.S.C. § 78s(g) ............................................................................. 2, 7

15 U.S.C. § 78y(a) .............................................................................. 14

## OTHER AUTHORITIES

SEC Release No. 34-51808 (June 20, 2005) ........................................ 14

## RULES

Fed. R. Civ. P. 12(b)(1) .................................................................... 1, 13

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1, 6

NYSE Arca Rule 7.10 .................................................................... passim

NYSE Arca Rule 7.17 ................................................................... 2, 3, 11

NYSE Arca Rule 7.23(a)(1) .................................................................. 4

NYSE Arca Rule 7.31(k) ................................................................. 4, 11

## REGULATIONS

17 C.F.R. § 242.600 .............................................................................. 3

17 C.F.R. § 242.601 .............................................................................. 3

17 C.F.R. § 242.602 .......................................................................... 2, 3

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - iv

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant NYSE Arca Equities, Inc. ("NYSE Arca") moves to dismiss the Amended Complaint (the "Complaint") filed by Plaintiff ShareBuilder Securities Corporation ("ShareBuilder") with prejudice and respectfully submits this memorandum of law in support of its motion to dismiss.

## PRELIMINARY STATEMENT

NYSE Arca operates the NYSE Arca equity securities marketplace under the auspices of its parent NYSE Arca, Inc., which is a national securities exchange registered under the Securities Exchange Act of 1934 (the "'34 Act") and a self-regulatory organization ("SRO").[1] ShareBuilder is an online broker-dealer.

This case relates to trading on NYSE Arca's marketplace in securities issued by Magna International, Inc. ("Magna"). ShareBuilder alleges that on May 7, 2009, certain of its clients' accounts were affected by what ShareBuilder alleges was a "quote" for Magna that was "a complete fiction" and that ShareBuilder incurred costs of at least $116,470 to make those customers whole for their supposed losses. Based on its allegations regarding Magna, ShareBuilder asserts claims against NYSE Arca for "negligence" and "negligent supervision." Both claims relate to the operation of the NYSE Arca securities marketplace and both fail for multiple, uncorrectable reasons: They are barred by SRO immunity; they are preempted by the '34 Act, Securities and Exchange Commission ("SEC") regulations, and NYSE Arca's SEC-approved rules; ShareBuilder cannot plead negligence-based claims against NYSE Arca as a matter of law; the Court lacks subject matter jurisdiction; and ShareBuilder lacks standing. The Complaint should therefore be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS

ShareBuilder originally filed this case as a John Doe action. Before naming actual defendants, ShareBuilder sought and received discovery about trading in Magna stock from

---

[1]     ShareBuilder refers to NYSE Arca as an ECN (electronic communication network) through the Complaint. *E.g.*, Complaint ¶¶ 6, 23. NYSE Arca is part of an exchange group, it is not an ECN.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 1

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

NYSE Arca.[2]  On January 8, 2010, ShareBuilder filed the Complaint, which named NYSE Arca as a defendant.  NYSE Arca was served with the Complaint on February 5, 2010.

Factual Background.  On May 6, 2009, Magna stock closed at $37.18.[3]  At approximately 4:15 a.m. eastern time on May 7, 2009, an NYSE Arca Equity Trading Permit Holder (an "ETP Holder") submitted an order to buy 2,000 shares of Magna stock at $0.01 to NYSE Arca's marketplace.[4]  An ETP Holder is a broker or dealer who has contracted with NYSE Arca for the right to place orders for execution on NYSE Arca's marketplace, subject at all times to the NYSE Arca Rules governing such orders and applicable federal securities law.[5]  As it was required to do by the rules in effect at the time, NYSE Arca displayed the $0.01 Magna order on its system.[6]  Such orders were not uncommon for Magna and were also displayed by NYSE Arca on May 4, 5, 6, 7, and 8, 2009.[7]

Background of Relevant SRO Regulation.  Under the '34 Act, Congress established a comprehensive system of law, regulation, and systems of review to control the functioning of the national securities markets and their participants.  Pursuant to this system, SROs are responsible for regulating the day-to-day operations of the securities markets and ensuring broker-dealers' compliance with the '34 Act, federal securities regulations, and the SROs' own rules.[8]  SROs also have the responsibility to promulgate, interpret, and enforce rules governing the conduct of their member firms.[9]

At the outset, it is important to address some key aspects of securities trading that ShareBuilder ignores.  Exchanges like NYSA Arca facilitate trading of securities by matching

---

[2]    *See* Declaration of Douglas W. Henkin, dated April 1, 2010 ("Henkin Decl.") Exh. A.
[3]    *See* Henkin Decl. Exh. H.  The Court can take judicial notice of publicly available stock prices. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).
[4]    *See* Henkin Decl. Exh. B.
[5]    *See* Henkin Decl. Exh. C.
[6]    *See* Henkin Decl. Exh. D (NYSE Arca Rule 7.17) & Exh. E (17 C.F.R. § 242.602).
[7]    *See* Henkin Decl. Exh. B.
[8]    *See* 15 U.S.C. §§ 78o-3(b), § 78s(b), § 78s(d).
[9]    *See* 15 U.S.C. §§ 78c(a)(26), § 78f(b), & § 78s(g); *D'Alessio v. NYSE Inc.*, 258 F.3d 93, 96 (2d Cir. 2001).

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 2

124765.0001/1830130.1

orders to buy and sell securities. An "order" is an instruction, by a customer to a brokerage, for the purchase or sale of a security with specific conditions. At the most general level, exchanges display two types of order information. The "bid" shows the buy order with the highest price that has not yet been filled, whereas the "ask" shows the sell order with the lowest price that has not yet been filled. Displayed bids and asks do not represent actual completed transactions — they represent as-yet-unaccepted offers to buy or sell securities. The Magna buy order at issue here was displayed by NYSE Arca as a buy order;[10] when an exchange displays a buy order, it is not a statement that a transaction has taken place at that price.[11]

Moreover, exchanges like NYSE Arca do not "enter" or "maintain" orders. NYSE Arca receives orders submitted by ETP Holders, displays those orders as required by the applicable rules, and then facilitates executions of orders. It does not — and is not required to — screen orders as ShareBuilder seems to think, and ShareBuilder cites no authority requiring such screening. To the extent there is a need to review trades, such review is conducted either by NYSE Arca's Market Surveillance department or on a post-trade basis under the provisions of NYSE Arca Rule 7.10 (discussed in more detail below).

Several different rules are relevant here. *First*, there is a set of rules relating to submission of orders by market participants and the markets' display of information about orders that have been submitted:

    (a)    NYSE Arca Rule 7.17 states that no ETP Holder shall submit an order to NYSE Arca unless the ETP Holder is ready, willing, and able to execute that order. Rule 7.17 further requires that all orders shall comply with the requirements of SEC Rule 11Ac1-1 (now codified as Rule 602 of Regulation NMS, 17 C.F.R. § 242.602). Rule 7.17 does

---

[10]   *See* Henkin Decl. Exh. B.
[11]   For example, Regulation NMS clearly distinguishes between buy and sell orders and last-sale data. *Compare* 17 C.F.R. § 242.602 (order information) (Henkin Decl. Exh. E) *with* 17 C.F.R. § 242.601 (transaction reports and last sale data) (Henkin Decl. Exh. E); *see also* 17 C.F.R. § 242.600 (Regulation NMS definitions) (Henkin Decl. Exh. E).

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 3

124765.0001/1830130.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

not require that prices at which orders are submitted bear any specific relationship to the last price at which a trade occurred for a security.[12]

(b)    NYSE Arca Rule 7.31(k) permits market makers[13] to submit "Q Orders," which are defined to include bids for any stock at $0.01 regardless of the prior trading activity for such stock.[14] A market maker may submit a Q Order to buy or sell a stock at $0.01 per share whether the last trade was completed at $0.01 per share, $1.00 per share, $100 per share, or any other price.

(c)    Rule 602 of the SEC's Regulation NMS requires each market to display the best bid and offer available for each security traded on that market when the market is open for trading.[15]

*Second*, the NYSE Arca Rules permit post-transaction review of trades. NYSE Arca Rule 7.10 provides a mechanism for the review and correction of certain trades. Although ShareBuilder is not itself an ETP Holder, ShareBuilder could have asked the ETP Holder(s) through which the transactions at issue were executed to dispute those transactions on the same bases ShareBuilder asserts here (subject to the rule's time requirements). NYSE Arca Rule 7.10 also contains provisions for appealing the initial result of a disputation. The results of the NYSE Arca Rule 7.10 process are considered a final action by NYSE Arca.[16] If a transaction is not disputed pursuant to NYSE Arca Rule 7.10, it is not subject to challenge.

<u>This Litigation</u>. ShareBuilder alleges that the $0.01 Magna buy order in the NYSE Arca system on the morning of May 7, 2010 was a "quote" that was a "complete fiction," was a "false quote," and was a "false and misleading quote." (Complaint ¶ 12). Although the Complaint does not make clear what ShareBuilder means by "quote," the letter referenced in

---

[12]    *See* Henkin Decl. Exh. D.

[13]    A market maker is an entity that accepts the risk of holding shares of a security in order to facilitate trading in that security.

[14]    *See* Henkin Decl. Exh. D. Orders such as Q Orders are sometimes referred to as "stub quotes." *See* Henkin Decl. Exh. F at 2-4. Although ShareBuilder professes ignorance as to how stub quotes help to maintain orderly markets (Complaint ¶¶ 13-14), ShareBuilder's understanding or lack thereof is irrelevant because NYSE Arca's SEC-approved rules expressly permit (and in some instances require) such orders. Market makers are required to provide *continuous, two-sided* limit orders in the securities they are registered to trade, *see* NYSE Arca Rule 7.23(a)(1) (Henkin Decl. Exh. D), and Q Orders help NYSE Arca market makers comply with that obligation.

[15]    *See* 17 C.F.R. § 242.602(a) (Henkin Decl. Exh. E).

[16]    *See* NYSE Arca Rule 7.10(e)(4) (Henkin Decl. Exh. D).

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 4

124765.0001/1830130.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1 │ Complaint ¶ 13 does. In that letter, ShareBuilder asserted that its customers "had been

2 │ enticed after market hours to place orders for large numbers of MGA shares because they saw

3 │ it <u>quoted with a May 6 closing price of $0.01 per share</u>."[17] As noted above, the reported

4 │ closing price for Magna was not $0.01 and the Magna buy order was displayed as a buy order,

5 │ not a last sale or closing price report.

6 │ On the basis of those allegations and its conclusory assertion that no market maker

7 │ could "justifiably enter and/or maintain an order" for Magna stock at $0.01 (Complaint ¶ 15),

8 │ ShareBuilder alleges (i) that NYSE Arca was negligent in "posting, and by allowing to be

9 │ posted for an extended period of time," the order for Magna at $0.01 (Complaint ¶¶ 29-31)

10 │ and (ii) was negligent in supervising its employees, agents, and representatives based on the

11 │ same alleged conduct (Complaint ¶¶ 32-38).

12 │ Before bringing this motion, NYSE Arca's counsel repeatedly told ShareBuilder's

13 │ counsel that NYSE Arca would move to dismiss based on, *inter alia*, SRO immunity and

14 │ provided ShareBuilder's counsel with citations to authority discussing SRO immunity. NYSE

15 │ Arca did this in the hope that ShareBuilder would come to understand that its claims against

16 │ NYSE Arca have no hope of succeeding and would dismiss its claims voluntarily, thus

17 │ eliminating the need for the Court to resolve this motion. Unfortunately, ShareBuilder

18 │ rejected that approach, forcing NYSE Arca to file this motion.[18]

19 │ **ARGUMENT**

20 │ **I.    STANDARD OF REVIEW**

21 │ On motions to dismiss for failure to state a claim, courts take as true a complaint's

22 │ well-pled factual allegations,[19] but conclusory allegations or legal conclusions masquerading

23 │ as factual allegations are ignored and courts are not required to draw unreasonable inferences

24 │

25 │ ---

[17]    *See* Henkin Decl. Exh. I (emphasis added).

[18]    *See* Henkin Decl. Exh. G.

26 │ [19]    *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008).

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 5

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

in a plaintiff's favor.[20] In deciding whether a complaint states a claim, courts may consider documents incorporated by reference into the complaint.[21]

Courts considering a motion to dismiss for lack of subject matter jurisdiction assume all well-pled factual allegations in the complaint are true.[22] But when resolving such a motion, a district court may rely on evidence outside the pleadings.[23]

## II. THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6)

### A. Sharebuilder's Claims Are Barred By SRO Immunity

SROs are absolutely immune from suits seeking money damages for conduct related to their regulatory operations.[24] SRO immunity applies whenever misconduct alleged by a plaintiff falls within the scope of the powers delegated to an SRO under the '34 Act, such as where the claims relate to the SRO's operation of a market.[25]

Each time the Ninth Circuit has addressed SRO immunity, it has found that immunity to have broad applicability, the boundaries of which clearly include ShareBuilder's claims. In *Sparta Surgical*, the issue was whether SRO immunity applied to an SRO decision to temporarily delist and suspend trading in a stock. The Ninth Circuit held that SROs are

---

[20]    *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) ("conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not ... accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

[21]    *See Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 665 (9th Cir. 2009).

[22]    *See Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

[23]    *See Sommatino v. United States*, 255 F.3d 704, 710 n.3 (9th Cir. 2001); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

[24]    See *P'ship Exch. Sec. Co. v. NASD*, 169 F.3d 606 (9th Cir. 1999); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1209 (9th Cir. 1998); *see also Cal. Pub. Employees' Ret. Sys. v. NYSE, Inc. (In re NYSE Specialists Sec. Litig.)*, 503 F.3d 89, 95-100 (2d Cir. 2007), *cert. denied* 552 U.S. 1291 (2008); *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 97 (2d Cir. 2005); *D'Alessio*, 258 F.3d at 104; *Barbara v. New York Stock Exchange.*, 99 F.3d 49, 59 (2d Cir. 1996); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, No. 07 Civ. 2014 & No. 08 Civ. 11193 (JSR), 2010 WL 749844, at *1-2 (S.D.N.Y. Mar. 1, 2010), *app. filed*, No.10-945-cv (2d Cir. 2010); *Dexter v. Depository Trust & Clearing Corp.*, 406 F. Supp. 2d 260, 262-64 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007).

[25]    *See NYSE Specialists*, 503 F.3d at 96-97; *D'Alessio*, 258 F.3d at 105.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124765.0001/1830130.1

immune from liability based on the discharge of their duties under the '34 Act, and specifically noted that decisions regarding suspension of trading are functions to which SRO immunity extends.[26] Receiving and displaying order information pursuant to rules approved by (or in the case of Regulation NMS directly promulgated by) the SEC are clearly functions to which SRO immunity applies under *Sparta Surgical*.[27] Less than four months after deciding *Sparta Surgical*, the Ninth Circuit again addressed SRO immunity in *Partnership Exchange*, holding that "*Sparta* admits of no exceptions: if the action is taken under the 'aegis of the ['34] Act's delegated authority,' the [SRO] is protected by absolute immunity from money damages."[28]

Everything ShareBuilder complains about was done pursuant to NYSE Arca's SEC-approved rules, the SEC's rules, or both; ShareBuilder does not even try to plead otherwise. Indeed, every reference to NYSE Arca's alleged conduct in the Complaint directly relates to the operation of NYSE Arca's marketplace.[29] For example, ShareBuilder complains about NYSE Arca's alleged "posting" of information about Magna, but an exchange's display of market data is governed by its and the SEC's rules.[30]

The situation presented here is thus clearly covered by SRO immunity. For example, the Second Circuit has at least twice addressed SRO immunity in the context of the operation of a securities marketplace. Most recently it explained that "the central question" for SRO immunity purposes is "whether the plaintiff's allegations concern the exercise of powers within the bounds of the government functions delegated to [the SRO]. ... the immunity depends <u>only</u> on *whether* specific acts and forbearances were incident to the exercise of

---

[26]   *See Sparta Surgical*, 159 F.3d at 1213 & 1215.
[27]   SROs are required by statute to comply with the '34 Act, rules promulgated by the SEC, and their own rules.  *See* 15 U.S.C. § 78s(g).  When an SRO takes action related to complying with the '34 Act, rules promulgated by the SEC, or its own rules it is *ipso facto* discharging duties under the '34 Act.
[28]   *P'ship Exch.*, 169 F.3d at 608.
[29]   *See* Complaint ¶¶ 6, 7, 13-18, 20, 22, 23, 25, 30, 33-36.
[30]   *Compare* Complaint ¶ 30 *with, e.g.*, 17 C.F.R. § 242.602(a) (Henkin Decl. Exh. E).

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 7

124765.0001/1830130.1

regulatory power ... ."[31]  And in *DL Capital* the Second Circuit applied SRO immunity to claims relating to Nasdaq's cancellation of certain trades in a Nasdaq-listed stock because the functions there at issue were within Nasdaq's authority under the '34 Act.[32]  *NYSE Specialists* and *DL Capital* are directly on point.  Both concerned claims against SROs in connection with alleged misconduct relating to the operation of a securities marketplace, and both held that SRO immunity applied.  Indeed, for this purpose there is substantively no difference between ShareBuilder's claims and the claims in *DL Capital*, both of which allege misconduct in connection with an SRO's operation of its marketplace — the plaintiff in *DL Capital* alleged that Nasdaq acted improperly in canceling specific trades, whereas ShareBuilder alleges that NYSE Arca acted improperly in receiving and displaying information about a specific order.[33]  Both allegations concern similar areas of SRO functionality, and both are subject to SRO immunity.

Based on correspondence ShareBuilder's counsel sent prior to NYSE Arca submitting this motion,[34] it appears that ShareBuilder will make three basic arguments against SRO immunity, none of which have any legal basis:

- ShareBuilder may argue that NYSE Arca bears the burden of showing that public policy requires the application of immunity here.  But there is no such requirement.  The test for whether SRO immunity applies is functional and depends *only* on whether the conduct at issue (i) was or (ii) was incident to the exercise of regulatory power.[35]  As demonstrated above, ShareBuilder's claims satisfy that test, and so SRO immunity applies.

- ShareBuilder may argue that the conduct it complains about is "private" in nature and thus not covered by SRO immunity.  The only

---

[31]  *In re NYSE Specialists Sec. Litig.*, 503 F.3d at 98 (italics in original, underlining added).
[32]  *See DL Capital*, 409 F.3d at 96-100.
[33]  For example, the letter referenced in Complaint ¶ 13 claims that ShareBuilder customers were misled by information relating to the Magna buy order.  *See* Henkin Decl. Exh. I.  That is a claim based on the operation of an SRO's marketplace and is thus covered by SRO immunity.
[34]  *See* Henkin Decl. Exh. G.
[35]  *See supra* notes 24-28 and accompanying text.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 8

124765.0001/1830130.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

way to make this argument is to take out of context a comment by the Ninth Circuit in *Sparta Surgical* that SRO immunity does not apply when SROs conduct "private business."[36] But that statement relates to the unremarkable proposition that SROs are not immune when the conduct at issue is *purely* private, such as an SRO's purchase of office furniture. "[P]rivate business" is simply a shorthand for the sorts of actions that are not themselves regulatory or incident to the exercise of regulatory power. But the receipt and display of order information by an SRO is not "private business." By definition it relates directly to the operation of the public markets and is within the scope of SRO immunity.[37]

- ShareBuilder may argue that its claims are not covered by SRO immunity because it has tried to plead claims under state law. But it does not matter whether claims are pled as federal claims, state law claims, statutory claims, or common law claims;[38] the applicability of SRO immunity depends on what claims are about, not what a plaintiff calls the claims.[39] Whatever a private plaintiff might call a claim to try to avoid SRO immunity would not change the fact that the outcomes of suits against SROs seeking money damages would effectively impose on SROs courts' views regarding how SROs should conduct themselves, thus overriding the SEC's exclusive authority to allow or prohibit SRO conduct.[40]

Finally, any argument ShareBuilder might make against immunity would conflict with the Complaint itself. ShareBuilder alleges that it had to absorb the supposed "loss" at issue here "[b]ecause of regulatory requirements and other issues."[41] But that very allegation is a concession that the transactions at issue in this case took place within the boundaries of the '34 Act regulatory system (the one that applies to broker-dealers like ShareBuilder), which is

---

[36] *Sparta Surgical*, 159 F.3d at 1214.
[37] *See supra* notes 31-33 and accompanying text.
[38] *See DL Capital*, 409 F.3d at 97; *D'Alessio*, 258 F.3d at 100; *Sparta Surgical*, 159 F.3d at 1215; *Barbara*, 99 F.3d at 52; *see also Gurfein v. Ameritrade, Inc.*, 411 F. Supp. 2d 416, 423 (S.D.N.Y. 2006) (dismissing with prejudice all claims against the American Stock Exchange based on absolute immunity, because, *inter alia*, SRO's statement of intent to implement regulatory proposal was immune activity).
[39] *See D'Alessio*, 258 F.3d at 106.
[40] *See Sparta Surgical*, 159 F.3d at 1215; *Barbara*, 99 F.3d at 59.
[41] Complaint ¶ 12.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 9

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

all that is necessary for SRO immunity to apply.[42]  Because ShareBuilder has no viable

arguments against SRO immunity, the Complaint should be dismissed with prejudice.

**B.    Sharebuilder's Claims Are Preempted By The '34 Act**

The NYSE Arca Rules and the SEC's rules govern an SRO's receipt and display of

order information, and the NYSE Arca Rules provide a carefully calibrated mechanism for

market participants to challenge trades in situations in which they believe that something went

awry.43  There are thus two distinct reasons for preemption here.  First, NYSE Arca's

standard of conduct is determined by the '34 Act, the NYSE Arca Rules, and rules

promulgated by the SEC.  Those rules preempt conflicting state law.44  Thus, states cannot

define through their common law the duties of an SRO, because such a scheme cannot co-

exist with the delegated regulatory authority under the '34 Act.45  Because ShareBuilder's

claims are necessarily based on an attempt to impose on NYSE Arca a state common law duty

of care that is not based on the '34 Act, the SEC's rules, or NYSE Arca's SEC-approved

rules, the claims are preempted.

*Second*, the NYSE Arca Rules were approved by the SEC pursuant to the '34 Act, and

neither those rules nor the '34 Act contemplate common law private claims alleging that an

SRO negligently operated its market.[46]  To the contrary, although ShareBuilder does not

---

[42]    *See P'Ship Exch.*, 169 F.3d at 608.

[43]    *See* NYSE Arca Rule 7.10 (Henkin Decl. Exh. D).

[44]    *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1128 (9th Cir. 2005).  This is true whether the conflict is direct or because the state law stands as an obstacle to the accomplishment of Congress' objectives. *See id.* at 1132.

[45]    *See Sparta Surgical*, 159 F.3d at 1215; *see also Capece v. Depository Trust & Clearing Corp.*, Nos. 05-80498 CIV & 05-80498 CIV (KLR), 2005 WL 4050118, at *9 (S.D. Fla. Oct. 11, 2005) ("Plaintiffs seek to apply Florida negligence law in a manner that would interfere with the federally-approved operations of the [Stock Borrow Program].  Allowing Plaintiffs to assert a state law cause of action against Defendants would require Defendants to tailor their practices with regard to the SBP to satisfy each state's formulation of the standard of care in a negligence action.  Such a result would destroy the Congressionally-mandated uniform system governing securities trading.").

[46]    ShareBuilder may try to argue that it has a private right of action under the NYSE Arca Rules or the '34 Act.  Such an argument would be squarely foreclosed by the Ninth Circuit's holding that "a party has no private right of action against an exchange for violating its own rules or for actions taken to perform its self-regulatory duties under the ['34] Act." *Sparta Surgical*, 159 F.3d at 1213.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 10

124765.0001/1830130.1

1  appear to have done anything to make sure that the relevant ETP Holder(s) used it,[47] NYSE

2  Arca Rule 7.10 provided a specific method to challenge trades that would have provided

3  complete relief within the framework Congress set up to operate the national market system

4  (assuming ShareBuilder was right).[48] But that rule specifically provides that a transaction that

5  is not challenged within 30 minutes (or 60 minutes with respect to "Outlier Transactions") is

6  final and not subject to challenge.[49] Because no trades were challenged under Rule 7.10,

7  ShareBuilder cannot use common law claims to try to undo that result or put itself in a better

8  position than it would have been in had it complied with NYSE Arca Rule 7.10.

9  ShareBuilder's claims are therefore preempted because they are inconsistent with (and would

10  frustrate the application of) the mechanism created by the '34 Act and NYSE Arca's SEC-

11  approved rules.[50]

12  Finally, although ShareBuilder spills much ink speculating about the nature of the

13  $0.01 Magna buy order, it does not matter whether that order was a firm bid submitted

14  pursuant to NYSE Arca Rule 7.17 or a Q Order submitted pursuant to NYSE Arca Rule

15  7.31(k).[51] Either way, the order would be in compliance with a specific SEC-approved NYSE

16  Arca Rule. That is all that is required for ShareBuilder's claims to be preempted.

17

18

19

---

[47]    Although ShareBuilder does not specify which ETP Holder transmitted its customers' orders, whichever ETP Holder(s) submitted those orders would have had disputation rights under NYSE Arca Rule 7.10. ShareBuilder's clearing firm (Pershing, *see* Complaint ¶ 13) is an ETP Holder.

[48]    ShareBuilder ignores NYSE Arca Rule 7.10 entirely and does not try to argue that it did not provide an effective remedy. For example, ShareBuilder does not explain why it did not avail itself of the procedures set forth in NYSE Arca Rule 7.10 or what the "regulatory requirements and other considerations" (Complaint ¶ 12) it alleges were. The Complaint's failure to address this issue is particularly surprising given that NYSE Arca reminded ShareBuilder of NYSE Arca Rule 7.10 in a pre-litigation communication. *See* Henkin Decl. Exh. B.

[49]    *See* NYSE Arca Rule 7.10(b) & (d) (Henkin Decl. Exh. D).

[50]    *See In re Series 7 Brokerage Qualification Exam Scoring Litig.*, 548 F.3d 110, 114 (D.C. Cir. 2008); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1132-36 (9th Cir. 2005).

[51]    NYSE Arca's Equity Surveillance Department concluded that the order was a firm bid, *see* Henkin Decl. Exh. B, and ShareBuilder has pled nothing to the contrary other than speculation.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 11

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**C. Sharebuilder Cannot Plead Negligence-Based Claims Against NYSE Arca**

In addition to preempting ShareBuilder's claims under the Supremacy Clause, the structure of the federal regulatory system for securities markets precludes ShareBuilder from asserting negligence-based claims against NYSE Arca as a matter of law. The elements of a negligence claim are the existence of a duty of care, breach of that duty, resulting injury, and proximate causation.[52] Whether or not the duty of care needed to support such a claim exists is a question of law,[53] and can therefore be decided on a motion to dismiss.[54]

NYSE Arca's obligations with respect to operating its marketplace are defined solely by the '34 Act, the SEC's regulations, and the NYSE Arca Rules. There is no private right of action under these authorities;[55] in any event, ShareBuilder does not plead that NYSE Arca violated any provisions of the '34 Act, the SEC's regulations, or any NYSE Arca Rules. And ShareBuilder cannot rely on state law to create a duty of care to support a negligence-based claim because state law cannot define the duties of an SRO in these circumstances.[56] ShareBuilder's claims — all of which are negligence-based — thus fail as a matter of law.[57]

**D. Sharebuilder's Claims Do Not Satisfy *Iqbal***

Federal pleading standards "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation."[58] "To survive a motion to dismiss, a complaint must

---

[52] See *Alhadeff v. Meridian on Bainbridge Island, LLC*, 220 P.3d 1214, 1222 (Wash. 2009) (*en banc*); accord *Love v. Motion Indust., Inc.*, 309 F. Supp. 2d 1128, 1138 (N.D. Cal. 2004) (negligent supervision claim requires same elements as negligence claim).

[53] See *Alhadeff*, 220 P.3d at 1222.

[54] Moreover, ShareBuilder has not adequately pleaded injury or proximate cause, in large part because it has given no information whatsoever about the underlying transactions or its own conduct.

[55] See *Sparta Surgical*, 159 F.3d at 1213.

[56] See *id.* at 1215.

[57] A separate problem with ShareBuilder's negligent supervision claim is that negligent supervision claims are intended to address an employer's liability for acts of its employees that are outside the employees' scope of employment. See *Ayon v. Lincare Inc.*, No. C05-0808C (JCC), 2006 WL 2372294, at *3 (W.D. Wash. Aug. 14, 2006). To the extent ShareBuilder's claims are based on alleged misconduct by persons not employed by NYSE Arca (Complaint ¶¶ 24-26 & 36), they would not be cognizable as a negligent supervision claim even if ShareBuilder could overcome the other problems discussed herein.

[58] *Iqbal*, 129 S. Ct. at 1949.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 12

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[59] Where the well-pled facts do not permit a court to infer more than the mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief.[60] Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[61]

As an initial matter, the Complaint itself demonstrates that ShareBuilder's claims against NYSE Arca are not plausible because ShareBuilder affirmatively pleads that there are explanations for what happened other than misconduct by NYSE Arca.[62] When a plaintiff affirmatively *pleads* that the harm it claims to have suffered might have been caused by something other than conduct by the defendant it sued, it concedes that it has not even reached the level of pleading facts "merely consistent with" that defendant's liability. The Complaint is no more than an assertion by ShareBuilder that it thinks someone (other than it or its customers) must have done something wrong, because it claims it cannot imagine how else things could have turned out as they did. *Iqbal* does not permit claims like that to survive a motion to dismiss.

## III. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(1)

### A. The Court Lacks Subject Matter Jurisdiction Over ShareBuilder's Claims

The '34 Act and the rules promulgated thereunder create a comprehensive system for regulating the securities markets. Under that system, SROs exercise the primary supervisory role, subject to control by the SEC.[63] Consistent with that system, certain SRO actions can be appealed to the SEC, from the SEC to a United States Court of Appeals, and perhaps to the

---

[59]    *Id.* (internal quotes omitted).
[60]    *Id.*
[61]    *Id.*
[62]    *See* Complaint ¶¶ 24-26.
[63]    *See Sparta Surgical*, 159 F.3d at 1213-14.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 13

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

United States Supreme Court.[64] Other types of SRO actions, such as determinations under NYSE Arca Rule 7.10, are committed to the discretion of the SROs (subject to their SEC-approved rules).[65]

When Congress creates such a comprehensive system, which includes specific provisions for resolving different types of disputes and specific remedies for other types of disputes, that system is exclusive.[66] ShareBuilder might wish that there were avenues for relief other than provided by NYSE Arca Rule 7.10, but that is irrelevant to the exclusive nature of the system as it exists.[67]

The way to demonstrate that a remedy such as the one that was available here is inadequate is to exhaust it or point to prior demonstrated inadequacies.[68] Having the trades here at issue reviewed under NYSE Arca Rule 7.10 would have mooted ShareBuilder's claims to the extent they had any merit.[69] But ShareBuilder failed to make sure that such a review happened, thus making it impossible to know what the outcome might have been.

---

[64]     *See* 15 U.S.C. §§ 78s(d) & 78y(a).

[65]     From a market operation perspective, this distinction makes sense. Trades form the basis for market data that is relied on by market participants for many reasons and it is in the overall interests of the national market system (which Congress charged the SEC with facilitating the establishment of, *see* S. Rep. No. 94-75, at 8-9 (1975); Regulation NMS, SEC Release No. 34-51808, 70 Fed. Reg. 37496, 37497-98 (June 29, 2005)) that disputes about the validity of specific trades be resolved as quickly as possible. That is reflected in the strict procedural requirements of NYSE Arca Rule 7.10.

[66]     *See Series 7*, 548 F.3d at 114.

[67]     Of course, market participants can always ask the SEC to change an SRO rule under the provisions of the '34 Act, and the SEC has the right to change an SRO rule *sua sponte* if it believes doing so is necessary. *See* 15 U.S.C. § 78s. ShareBuilder goes so far as to allege that NYSE Arca was negligent "for failing to impose procedural safeguards to prevent such negligent or intentional acts by either third parties, or by its own employees, agents and representatives" (Complaint ¶ 36), an allegation that directly takes issue with the content of NYSE Arca's rules and implicates the SEC's approval of and right to amend NYSE Arca's rules if *the SEC* deems it necessary to do so. It is undisputed that district courts have no jurisdiction to address issues relating to the proper content of SRO rules, issues committed in the first instance to the SEC under the '34 Act.

[68]     *See Bruan, Gordon & Co. v. Hellmers*, 502 F. Supp. 897, 908 (S.D.N.Y. 1980).

[69]     Had a review under NYSE Arca Rule 7.10 upheld any complaints by ShareBuilder, that might have obviated the need for this Court to do anything. *See McKart v. United States*, 395 U.S. 185, 194-95 (1969). That is the essence of when and why exhaustion is required.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 14

124765.0001/1830130.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Under these circumstances, demonstrating that the remedy would not have worked is impossible, and so ShareBuilder's claims must be dismissed.[70]

## B.   ShareBuilder Lacks Standing To Pursue Claims Against NYSE Arca

ShareBuilder alleges that certain of its customers were harmed by NYSE Arca's supposed misconduct and that ShareBuilder decided to take on its customers' supposed losses.[71] ShareBuilder does not claim that it traded in the first instance based on information displayed by NYSE Arca, but instead alleges that its customers did and that ShareBuilder decided, for reasons it does not explain, to cover losses those customers allegedly sustained or would have sustained.[72] Because that is not the sort of alleged injury that gives rise to Article III standing,[73] ShareBuilder lacks standing to sue NYSE Arca and the Complaint must be dismissed.[74]

## IV.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

This is not a situation in which the Court should consider granting leave to replead.

---

[70]   *See MFS Sec. Corp. v. NYSE*, No. 00 Civ. 5600 (JSR), 2005 WL 539967, at *1 (S.D.N.Y. Feb. 22, 2005), *aff'd*, 142 F. App'x 541 (2d Cir. 2005.

[71]   *Compare* Complaint ¶ 11 ("approximately 15 customers' brokerage accounts had incurred significant debit balances") *with id.* ¶ 12 ("ShareBuilder … reversed the trades" and was "forced to absorb the entire loss"); *see also id.* ¶ 20 ("ShareBuilder alleges that NYSE Arca's breaches of its duties of care caused confusion, disruption and losses for others in the market").

[72]   Indeed, ShareBuilder does not plead that its customers assigned any claims *they* might have had to ShareBuilder or that any such claims would even be assignable, to say nothing about what individual behaviors may have motivated the customers' trades or whether ShareBuilder was ultimately responsible for any problems with these trades.

[73]   *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992) (Article III standing injury-in-fact test requires more than injury to a cognizable interest, it requires that the plaintiff itself be among those allegedly injured by the alleged conduct).

[74]   ShareBuilder tries to get around this problem by asserting that NYSE Arca owed amorphous obligations to all market participants, including ShareBuilder (*see* Complaint ¶¶ 18, 24 & 33), but NYSE Arca's obligations are defined solely by the '34 Act, the SEC's regulations, and the NYSE Arca Rules, none of which required NYSE Arca to do anything other than (i) receive orders sent to it and (ii) display information to the market as required by the relevant rules. ShareBuilder cites nothing that would or could give rise to other duties by NYSE Arca. And ShareBuilder will not be able to cite any such authority, because state law cannot define the duties of an SRO. *See Sparta Surgical*, 159 F.3d at 1215.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

- ShareBuilder knows about the underlying transactions and chose, at least three times, not to provide additional information about them.[75]

- ShareBuilder had extensive discussions with NYSE Arca about the case before bringing claims against NYSE Arca, took discovery from NYSE Arca before filing the Complaint, and still failed to plead viable claims.

- ShareBuilder's counsel had extensive discussions with NYSE Arca's counsel about SRO immunity before forcing NYSE Arca to make this motion. ShareBuilder's response was that it believed its claims against NYSE Arca were viable; although ShareBuilder indicated that it might seek to amend the Complaint to address claims against other defendants, it said nothing about seeking to amend its claims against NYSE Arca.[76]

- None of the flaws NYSE Arca has identified can be cured. Because of the nature of the activities underlying ShareBuilder's claims, nothing ShareBuilder could plead differently would have any impact on SRO immunity, preemption, and the fact that ShareBuilder cannot show the existence of a duty of care to support negligence-based claims. Nor can ShareBuilder plead around the fact that the Court lacks subject matter jurisdiction and ShareBuilder lacks standing.

For all these reasons, amendment would be futile and dismissal should be with prejudice.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

---

[75] This includes the Declaration of Paul A. Swegle in Support of ShareBuilder's Motion for Relief From Fed. R. Civ. P. 26(d), dated May 20, 2009, in which ShareBuilder again described its claims to the Court and could have discussed the underlying transactions (including ShareBuilder's own conduct).

[76] *See* Henkin Decl. Exh. G.

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 16

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**CONCLUSION**

For all of the foregoing reasons, the Court should dismiss the Complaint with

prejudice.  A proposed dismissal order accompanies this motion.

DATED this 1st day of April, 2010.

LANE POWELL PC

By  /s/ Christopher B. Wells
    Christopher B. Wells, WSBA #08302

    Co-Counsel for NYSE Arca Equities, Inc.

CO-COUNSEL:

Douglas W. Henkin Esq. *(pro hac vice application pending)*

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza

New York, NY 10005
Phone: (212) 530-5393

Email: dhenkin@milbank.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, I caused to be served a copy of the foregoing **MOTION AND MEMORANDUM OF LAW OF DEFENDANT NYSE ARCA EQUITIES, INC. IN SUPPORT OF DISMISSAL OF AMENDED COMPLAINT** on the following person(s) in the manner indicated below at the following address(es):

| **Counsel for ShareBuilder Securities Corporation**<br><br>William A. Kinsel, Esq.<br>Market Place Tower, Suite 440<br>2025 First Avenue<br>Seattle, WA 98121-2158<br><br>Phone: (206) 706-8148<br>Fax: (206) 374-3201<br>Email: wak@KinselLaw.com | |

☒ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

/s/ Shanynn R. Foster
Shanynn R. Foster

MOTION AND MEMORANDUM OF LAW OF
DEFENDANT IN SUPPORT OF DISMISSAL
OF AMENDED COMPLAINT - 18

124765.0001/1830130.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107